CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
MAY 13 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:04CR30055 |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| LLOYD PRESTON KNIGHT, | ) | |
| | ) | |
| Defendant, | ) | By: B. WAUGH CRIGLER |
| | ) | U.S. MAGISTRATE JUDGE |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's consent, this case was referred to the undersigned to conduct a plea hearing.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRY**

The Grand Jury has returned a multiple count Indictment charging defendant, in Count One, with knowingly conspiring to manufacture, distribute or dispense, or possess with intent to manufacture, distribute or dispense, a quantity of a mixture or substance containing a detectable amount of methamphetamine, a Schedule III controlled substance,[1] in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; in Count Two, with knowingly and intentionally possessing, or aiding and abetting in the possession of, equipment, chemicals, products or materials which may be used to manufacture methamphetamine, a Schedule III narcotic controlled substance, knowing or having reasonable cause to believe that such items will be used to manufacture methamphetamine, in violation of 21 U.S.C. § 843(a)(6) and 18 U.S.C. § 2; and, in Count Three, with knowingly and

---

[1] The Indictment states that the methamphetamine with which the defendant was involved is a Schedule III narcotic substance, but the plea agreement states that it is a Schedule II narcotic substance. Under 21 U.S.C. § 812(c), only methamphetamine in the form of an injectable liquid is covered by Schedule II. All other forms of the substance are covered by Schedule III.

-1-

unlawfully opening, leasing, renting, using or maintaining a place, whether permanently or temporarily, for the purpose of manufacturing, distributing or using any controlled substance, in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2. On May 3, 2005, a plea hearing was conducted before the undersigned, and the defendant entered a plea of guilty to Count One of the Indictment pursuant to a plea agreement between defendant and the government. The government has agreed to dismiss Counts Two and Three upon acceptance of defendant's plea to Count One.

At this hearing the defendant was placed under oath and testified that his full legal name is Lloyd Preston Knight,[2] that he was born on October 20, 1962, and that he completed the eighth grade. The defendant stated that he can read and understand the English language but that his writing skills are poor. The defendant stated that he was fully aware of the nature of the charges against him and the consequence of pleading guilty to those charges. The defendant further testified that he was not under the influence of alcohol, medicine, or any drug, save sleeping medicine, which the defendant stated would not impair his ability to understand the nature of the proceedings being held. The defendant stated that he was subject to no other physical or mental condition that would impair his ability to understand the proceedings. Defendant's counsel stated that he had no reservations as to the defendant's competency to enter a plea of guilty to these offenses.

The defendant testified that he had received a copy of the Indictment pending against him and that he had fully discussed the charges therein, and his case in general, with his counsel. He also testified that he had read the plea agreement in its entirety and had discussed the plea agreement with his counsel before signing the agreement. He stated that he understood the terms of the agreement

---

[2] The defendant's name is incorrectly styled on the Indictment as "Preston Lloyd Knight" but is correctly shown on the plea agreement as "Lloyd Preston Knight." It is RECOMMENDED that the style on the case be so conformed unless the United States can demonstrate good cause not to do so.

and that the document presented to the court set forth his agreement with the government in its entirety. The defendant specifically testified that he understood that under the terms of the agreement he was waiving any right to appeal or to collaterally attack his conviction or sentence and that he was waiving his right to have a jury determine beyond a reasonable doubt the facts alleged in Count One, including any facts related to sentencing.

The defendant stated that he was pleading guilty of his own free will because he was, in fact, guilty of the offenses charged. The defendant also stated that no one had made any promises other than those contained in his agreement with the government, or made any assurances or threats to him in an effort to induce his plea. The defendant testified that he understood that the offenses with which he is charged are felonies and that, if his plea is accepted, he will be adjudged guilty of such offenses. Moreover, the defendant testified that he understood that he will be required to pay both a mandatory assessment of $100 to the Clerk of the Court and restitution in the amount of $5,161.50 as set forth in the plea agreement. The defendant stated that he was waiving his right to raise the defense of the statute of limitations if for any reason the plea agreement is withdrawn or otherwise not consummated. The defendant also testified that he was waiving all rights under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of his case.

The defendant was informed that the maximum possible penalty provided by law for the offenses with which he is charged is, in the case of Count One, twenty years imprisonment and a $1 million fine, together with supervised release; in the case of Count Two, ten years imprisonment and a $250,000 fine, together with supervised release; and in the case of Count Three, twenty years

imprisonment and a $500,000 fine, together with supervised release. The defendant was informed under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant was then informed that, in light of the United States Supreme Court's decision in *United States v. Booker*, 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are no longer mandatory but that the sentencing judge may apply them in an advisory fashion in determining a reasonable sentence. The defendant testified that he and his counsel had discussed how the sentencing guidelines might apply in his case. The defendant also testified that he understood that the court would not be able to determine the applicable guideline range, for advisory purposes, until after a presentence report has been prepared and both parties have an opportunity to challenge the reported facts and the application of the guidelines. He stated that he understood that the eventual sentence imposed may be different from any estimate his attorney has given him and that the court has the authority to issue a sentence that is either higher or lower than that called for by the guidelines, so long as the sentence is not greater than the statutory maximum for the offenses to which the defendant is pleading guilty.

The defendant stated that he understood that, contingent upon his acceptance of responsibility and continued cooperation in the sentencing process, and fulfillment of his duties under the plea agreement, the government will recommend a three-level (3) reduction under USSG § 3E1.1. The defendant also stated that he understood that the government is under no obligation to file a motion for substantial assistance, but that to the extent the government does exercise such discretion in this regard, he must provide such assistance in a manner set forth in the plea agreement. The defendant further stated that he understood that the government would recommend that his sentence of incarceration be fixed at the low end of the applicable sentencing guideline range, but that the court

-4-

Case 5:04-cr-30055-GEC-BWC   Document 128   Filed 05/13/05   Page 4 of 9   Pageid#: 212

would not be bound by the government's recommendation. The defendant agreed that, for purposes of USSG §§ 2D1.1 and 1B1.3, he should be held responsible for 35.7 grams of methamphetamine. The defendant acknowledged, however, that the matter of drug weight is a factual matter to be determined by the court. In addition, the defendant testified that he understood that, pursuant to USSG 3B1.1 and 3B1.2, a maximum of four levels may be added to or subtracted from his sentencing level depending on the degree to which he organized, led, managed, or supervised criminal activity involving multiple participants. The defendant stated that he understood that he will be permitted to argue at the time of sentencing that he was a minor participant and should receive a two-level (2) reduction in his total offense level pursuant to USSG § 3B1.2(b), but that the government will oppose such a reduction. The defendant acknowledged that his role in the offense is a factual matter to be decided by the court and agreed that he will be bound by the findings of the court. The defendant stated that he knew that parole had been abolished and that if he is sentenced to prison he will not be released on parole but on supervised release, a violation of which could result in additional incarceration.

The defendant testified that he understood that he had the right to a trial by a jury, in addition to the following rights, which will be waived or given up if his guilty plea is accepted:

1. The right to plead not guilty to any offense charged against him;
2. The right at trial to be presumed innocent and to force the government to prove his guilt beyond a reasonable doubt;
3. The right of assistance of counsel at trial and in any subsequent appeal;
4. The right to see, hear and cross-examine witnesses;
5. The right to call witnesses to testify in his own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses; and
6. The right to decline to testify unless he voluntarily elected to do so in her own defense;
7. The right to a unanimous guilty verdict;

8. The right to appeal a guilty verdict.

The defendant also testified that he understood that if he is adjudged guilty of these charges, he may be deprived of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm.

The defendant stated that he was fully satisfied with the advice and representation given to him in this case by his counsel. The defendant also testified that he understood the possible consequences of his plea and the consequences of breaching any term of the plea agreement. The defendant asked the court to accept his plea of guilty to Count One of the Indictment.

**THE GOVERNMENT'S EVIDENCE**

The defendant waived his right to have the government's Factual Summary read in open court and had no objection to the Summary. The Factual Summary having been filed in open court, the evidence presented therein regarding the offenses charged is as follows:

From April 26 through 29, 2003, law enforcement received information from a CI and concerned citizens that Lloyd Knight and Jeff Clinebell were manufacturing methamphetamine in a camper at the residence of Lloyd and Tracie Knight, located at 397 Estaline Valley Road in Craigsville, Virginia. A state search warrant was executed on the property on April 30, 2003 by state and federal authorities. Lloyd and Tracie Knight were both present when the search warrant was executed. During the search of the property, police discovered a clandestine meth lab, along with assorted chemicals and glassware inside a camper, next to an outbuilding on the property. Pseudoephedrine and manufactured d-methamphetamine were also recovered from inside the lab. A search of the residence revealed drug paraphernalia associated with the manufacture and use of methamphetamine, including scales, spoons and syringes. State chemists have calculated a total drug weight of 35.7 grams of methamphetamine,

based on empty and full packs of pseudoephedrine and 1.2 grams of actual d-methamphetamine.

While police were searching the residence, Jeff and Robin Clinebell were stopped at a roadblock leading up to the property. A consensual search of their vehicle revealed a shopping bag containing several boxes of pseudoephedrine cold tablets and several bottles of Hydrogen Peroxide, both used in the manufacture of methamphetamine.

Lloyd Knight waived his Miranda rights and provided a statement to police. According to Knight, he had allowed Clinebell to stay on their property for the past month and was aware that Clinebell was manufacturing methamphetamine. Knight insisted that he personally did not manufacture any methamphetamine, although he admitted to assisting Clinebell by taking the ephedrine pills out of the box and obtaining boxes of matches. Knight also watched Clinebell manufacture the methamphetamine on several occasions and would personally use the methamphetamine Clinebell manufactured. According to Knight, Clinebell was selling the methamphetamine he manufactured to several people.

The cost incurred in cleaning up the site was $5,161.50.

## PROPOSED FINDINGS OF FACT

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;

2. The defendant is aware of the nature of the charges and the consequences of his plea;

3. The defendant knowingly and voluntarily entered a plea of guilty to Count

One of the Indictment; and

4. The evidence presents an independent basis in fact containing each of the essential elements of the offenses to which the defendant is pleading guilty.

## RECOMMENDED DISPOSITION

Based upon the above findings of fact, the undersigned RECOMMENDS that this court accept the defendant's plea of guilty to Count One of the Indictment and adjudge him guilty of that offense. The undersigned further DIRECTS that a presentence report be prepared and RECOMMENDS that the presiding District Judge defer acceptance of the plea agreement until after that report has been submitted to the Court. A sentencing hearing hereby is scheduled for July 21, 2005 at 2:30 p.m.

## NOTICE TO PARTIES

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C): Within ten days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is

directed to transmit the record in this matter to the presiding United States District Judge.

The Clerk is hereby directed to send certified copies of this Report and Recommendation to all counsel of record.

ENTERED: _____
United States Magistrate Judge

5/13/05
Date

-9-

Case 5:04-cr-30055-GEC-BWC    Document 128    Filed 05/13/05    Page 9 of 9    Pageid#: 217